William C. Hecht, Jr., J.
Petitioner seeks to annul an order of the Bent Administrator which granted rent increases under the “ net annual return ” formula of the city rent law.
Stripped of all unnecessary detail, the issue presented is whether respondent properly exercised discretion in determining the seven apartment buildings involved in this proceeding as “ a property ”, and not as petitioner maintains, seven separate buildings requiring consideration of seven separate applications.
According to petitioners, the premises in question consist of seven separate high-rise apartment houses, each equipped with its own central heating and hot-water equipment, each carried on the tax rolls as a separate building and assessed and taxed accordingly. Each tenant pays rent to the separate corpora-t-ion which owns the structure wherein said tenant resides, and except for the two smaller buildings (owned by one corporation) the other five (each owned by a separate corporation) have separate superintendents and other help.
*1002 Petitioner argues that by combining the several operations as a single business for the purpose of this proceeding “ the landlords have taken for themselves benefits which were not contemplated by the New York State Legislature in the Act which empowered the City of New York to administrate rent control under the City Rent and Rehabilitation Administration. ’ ’
Petitioner contends further that by permitting the six separate corporations to combine their operations in one application, respondents have illegally increased rents in buildings where there is no hardship and where the net return far exceeds the minimal standards of respondent.
Answering these contentions, respondent Rent Administrator has found that all of the buildings were constructed in 1939-40; have been owned by the same corporations since that time; 50% of the capital stock of each corporation is owned by Fannie Pickman and the remainder ownecl. * the estate of Morris Pickman; and a single managementtiKie administers the affairs of all the buildings.
On July 10, 1961, an application was filed with the local rent office to increase the rents of all the housing accommodations in the seven-building-complex under the ‘ ‘ net annual return ’ ’ provision of the rent law. Respondent points out that the aggregate assessed valuation of the property was required to be used as the valuation basis.
A field audit of the landlord’s books and records satisfied respondent that the complex was operated as a single business and that within the discretion granted to the Administrator by the provisions of section Y51-5.0 of the City Rent and Rehabilitation Law and section 33.5 (subd. e, par. [4]) of the City Rent, Eviction and Rehabilitation Regulations, it was determined appropriate to consider the seven buildings as “ a property” and a single operation for the purpose of landlord’s application.
After adequate investigation and consideration of tenants’ contentions, including the dispute concerning the correct income derived from the basement laundry machines, a rent increase of 8.44% of rental income was found to be warranted and orders were issued increasing maximum rents accordingly.
The pertinent statutes pursuant to which the Administrator promulgated the order under review, provide:
‘ ‘ Sec. Y51-5.0 General powers and duties of the city rent and rehabilitation administration. * * *
g. (1) The.city rent agency may from time to time adopt, promulgate, amend or rescind such rules, regulations and orders as it may deem necessary or proper to effectuate the purposes of this title, including practices relating to recovery of posses *1003 sion; provided that such regulations can be put into effect without general uncertainty, dislocation and hardship inconsistent with the purposes of this title; and provided further that such regulations shall be designed to maintain a system of rent controls at levels which, in the judgment of such agency, are generally fair and equitable and which will provide for an orderly transition from and termination of emergency controls without undue dislocations, inflationary price rises or disruption. ’ ’
Paragraph (4) of subdivision e of section 33.5 defines “ property ” as:
“ e. For the purposes of this section, the following terms shall mean and include:
“ (4) ‘ Property. ’ Any structure or group of structures, including the land containing housing accommodations, having either common facilities, or which are contiguous, or which are operated as a single enterprise and which the Administrator shall in his discretion find appropriate to be considered as a single operation for the purpose of this section.”
Under all the circumstances here, I am of the view that the Administrator was entitled to conclude, and the records support the conclusion, that the seven buildings could, in fact, be treated as “ a property” and a single operation for the purposes of landlord’s application. (See Matter of Litman v. Weaver, N. Y. L. J., Dec. 9,1957, p. 12, col. 5, Supreme Ct., Queens County, Rabin, J.)
I am not persuaded that, as petitioner argues, the determination under review is not consonant with the purposes of the rent law to maintain a system of rent controls at levels, which in the judgment of the Administrator are generally fair and equitable.
Nor does there appear to be any valid reason for rejecting the Administrator’s holding that the income from the washing machines maintained on the premises by the landlord was not reasonably computed at the figure of $18,000 per year considering all the facts and the opposing contentions which ranged from $4,201 as advanced by the landlord and $30,000 projected by the tenants.
Petitioner has failed to establish that the tenants are entitled to the relief sought on the ground that there is not sufficient support for the determination which is the subject of this review.
Petitioner’s application is therefore denied and the petition is dismissed.